FILED'08 APR 23 0757USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ROSEANNE BARNES                                    Civ No. 06-1632-AA

            Plaintiff,                             OPINION AND ORDER

      v.

GE SECURITY, INC.,
GENERAL ELECTRIC COMPANY,
GE INTERLOGIX,
GE INFRASTRUCTURE

            Defendants.
_____

Michael J. Ross
Slater Ross
1850 Umpqua Bank Plaza
One S.W. Columbia Street
Portland, Oregon 97258
      Attorney for plaintiff

Carol J. Bernick
Davis Wright Tremaine LLP
1300 S.W. Fifth Avenue, Suite 2300
Portland, Oregon 97201
      Attorney for defendants

1 - OPINION AND ORDER

AIKEN, Judge:

Plaintiff brings state claims alleging employment discrimination pursuant to Or. Rev. Stat. § 659A.885 after defendants terminated plaintiff's employment as Specialist for Warehouse A at GE Security on October 28, 2005. Specifically, plaintiff alleges unlawful discrimination for utilizing the workers' compensation system under Or. Rev. Stat. § 659A.040 and discrimination on the basis of disability pursuant to Or. Rev. Stat. § 659A.112.[1] Defendants move for summary judgment on all of plaintiff's claims. Defendants' motion is granted.

## I. BACKGROUND

Plaintiff worked for defendants from 1995 to 2005. She began as a Warehouseman and was later promoted to Specialist for Warehouse A, which was her title at the time defendants terminated her employment.

In 2000, plaintiff filed a workers' compensation claim for stress and anxiety, but her claim was denied. She then applied for short-term disability, which was approved. Plaintiff was off of work for approximately six weeks, from December 4, 2000, to January 15, 2001.

On December 13, 2004, plaintiff filed a workers' compensation claim for bilateral carpel tunnel syndrome. Her claim was

---

[1] Plaintiff's complaint alleges disability discrimination under Or. Rev. Stat. § 559A.112; however, that chapter does not exist, and I will assume that plaintiff intended to assert a claim under Or. Rev. Stat. § 659A.112 for unlawful employment discrimination.

accepted, and plaintiff subsequently underwent bilateral carpel tunnel release surgery and was off of work from December 15, 2004 to May 2005. The first twelve weeks of her absence exhausted her Oregon and federal family medical leave. Plaintiff then returned to work part-time, and gradually increased her hours to full-time by July 1, 2005.

On October 18, 2005, plaintiff sought medical attention at the hospital for a panic attack. Plaintiff had follow-up medical appointments on October 19, 21, and 25. On October 20, 2005, plaintiff requested a family medical leave form from her supervisor, Penny Claassen. The same day, Jane Pauga, the Human Resources Manager, called plaintiff to discuss her absences and to tell her that she had exhausted her medical leave. Also on October 20, defendants' benefits coordinator, Penny Fischer, sent plaintiff a letter informing her that she had no medical leave available to her but that she could apply for a thirty-day personal leave of absence.

On October 25, 2005, Ms. Fischer sent a short-term disability form to plaintiff's physician at plaintiff's request. Also on October 25, Ms. Pauga called plaintiff to inform her that because she had no medical leave available, she would be terminated for violation of the company's attendance policy if she did not return to work by October 28. Plaintiff did not return to work and did not file an application for a thirty-day personal leave of absence.

On October 28, 2005, Defendants terminated plaintiff's

employment.

On November 13, 2006, plaintiff filed this action.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The materiality of a fact is determined by the substantive law on the issue. T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987). The authenticity of a dispute is determined by whether the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The moving party has the burden of establishing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the moving party shows the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings and identify facts which show a genuine issue for trial. Id. at 324.

Special rules of construction apply to evaluating summary judgment motions: (1) all reasonable doubts as to the existence of genuine issues of material fact should be resolved against the moving party; and (2) all inferences to be drawn from the underlying facts must be viewed in the light most favorable to the

nonmoving party.  T.W. Elec., 809 F.2d at 630.

### III. DISCUSSION

A.    Plaintiff's Workers' Compensation Discrimination Claim

Plaintiff alleges unlawful discrimination for utilizing the workers' compensation system pursuant to Or. Rev. Stat. § 659A.040. Specifically, plaintiff alleges that defendants terminated her employment because she filed a workers' compensation claim in December 2004.

To prove unlawful termination based on injured worker status, plaintiff must establish that: 1) she invoked the workers' compensation system; 2) she experienced an adverse employment action in tenure, terms, or conditions of employment; and 3) a causal link between the two.  See Kirkwood v. Western Hwy Oil Co., 204 Or. App. 287, 293, 129 P.3d 726, rev. denied, 341 Or. 197 (2006).  The second and third elements are at issue here.

Plaintiff claims that she suffered adverse employment action as a result of invoking the workers' compensation system. Specifically, plaintiff alleges that when she returned to work after her carpal tunnel surgery she encountered conflict and hostility from Diana Scamaroni, the manager and co-worker who covered plaintiff's administrative and supervisory duties during her absence.  Barnes Dep. 31:19-25.  Additionally, plaintiff alleges that management was "short" with her upon her return. Barnes Dep. 64:1-16.

Defendants emphasize that when plaintiff initially returned to

work, plaintiff and Ms. Scamaroni were friends and went on lunch breaks together. Barnes Dep. 40:19-22. Defendants also claim that when plaintiff complained about Ms. Scamaroni's behavior to management, her complaints were investigated and plaintiff did not complain again. Moreover, defendants argue that mere ostracism by a co-worker is not an adverse employment action because employers cannot force employees to socialize with one another. See Manatt v. Bank of Am., 339 F.3d 792, 803 (9th Cir. 2003); see also Brooks v. City of San Mateo, 229 F.3d 917, 929 (9th Cir. 2000). Defendants argue that plaintiff's relationship with her co-workers must be characterized as mere "workplace friction," and as such is insufficient to state a claim for discrimination. See Jamal v. Wilshire Mgmt. Leasing Corp., 320 F. Supp. 2d 1060, 1083 (D. Or. 2004).

I am inclined to agree with defendants' argument that plaintiff's allegations of abruptness and unfriendliness by her co-workers upon her return to work do not qualify as adverse employment action for the purposes of a workers' compensation discrimination claim. Plaintiff simply asserts no action by defendants that affected the terms or conditions of her employment. See Kirkwood, 204 Or. App. at 293. Even giving plaintiff the benefit of the doubt, however, she cannot establish the third element of causation.

To show a causal link between plaintiff's use of workers' compensation and any adverse employment action, plaintiff must

establish that in the absence of a discriminatory motive, she would have been treated differently. Hardie v. Legacy Health Sys., 167 Or. App. 425, 435, 6 P.3d 531 (2000), *partially superseded by regulation on other grounds,* Or. Admin. R. 839-006-0205(6)(b). Put simply, plaintiff must show that if she did not invoke the workers' compensation scheme, defendants would not have terminated her employment.

Plaintiff argues that the temporal proximity between the time that she invoked the workers' compensation system, December 2004, and the time she was terminated, October 2005, establishes causation, because the disability payments from her workers' compensation claim continued until the time of her termination. See Kirkwood, 204 Or. App. 287 (discriminatory inference permissible where three year old claim was still pending near time of termination). Defendants argue that this ten-month gap presumptively breaks the causal chain, particularly when plaintiff presents no other evidence of causation. See Clark County Sch. Dist. v. Breeden, 532 U.S. 268, 272 (2001) (affirming that to establish causality for a prima facie case based on temporal proximity the adverse action and protected activity must be "very close" in time).

Notwithstanding temporal proximity, plaintiff fails to establish the third element of causation due to other factors. First, it is undisputed that plaintiff had a number of unexcused tardies and absences at the time of her termination. Defendants

contend that these tardies and absences were a clear violation of the attendance policy, and plaintiff does not dispute this. Second, although plaintiff alleges some unfriendliness upon her return, she does not allege that defendants retaliated against her in any other way; for example, defendants did not ask her to return to work while on leave, nor did they comment negatively on her use of the workers' compensation system or criticize her work.  In fact, plaintiff received a pay raise in her absence.  Finally, plaintiff's own testimony reflects that she did not believe that Ms. Pauga, the person who made the decision to terminate plaintiff, treated her badly because of her leave:

> Q: Is your testimony [that Ms. Pauga] treated you
> badly because of your workers' compensation
> leave?
>
> A: No

Barnes Dep. 66:2-5.

Construing the evidence in the light most favorable to the plaintiff, I am unconvinced that a reasonable juror could find that plaintiff has provided evidence sufficient to create an inference that she was terminated because she invoked the workers' compensation system.  Therefore, defendants motion for summary judgment as to plaintiff's claim of discrimination pursuant to Or. Rev. Stat. § 659A.040 is granted.

B.   Plaintiff's Disability Discrimination Claim

Plaintiff claims unlawful discrimination under state law on the basis of her alleged disability pursuant to Or. Rev. Stat. §

8 - OPINION AND ORDER

659A.112. Oregon law makes it unlawful for a private employer with more than six employees to discriminate against a qualified individual with a disability. Or. Rev. Stat. § 659A.115. "Qualified" means a disabled individual who can, with or without reasonable accommodation, "perform the essential functions" of the job. Id.

To establish a prima facie case of disability discrimination, plaintiff must show: (1) she is disabled within the meaning of the statute; (2) she is a qualified individual, able to perform the essential functions of her job with or without reasonable accommodations; and (3) she suffered adverse employment action based on her disability. Washburn v. Columbia Forest Products, Inc., 340 Or. 469, 474, 134 P.3d 161 (2006) (stating that the Oregon statute is in "lockstep" and designed to be a mirror image of the Americans with Disabilities Act); Nunes v. Wal-Mart Stores, 164 F.3d 1243, 1246 (9th Cir. 1999).[2]

A "disabled" person within the meaning of the statute is one who has, or is regarded as having, a "physical or mental impairment that limits one or more major life activities." Or. Rev. Stat. § 659A.100(1)(c).    Major activities include employment,

_____

[2] The Americans with Disabilities Act (ADA) and Oregon disability law are similar in nearly all significant ways, and Oregon's disability statutes "shall be construed to the extent possible in a manner consistent with any similar provisions of the [ADA]." Or. Rev. Stat. § 659A.139. Further, "The standard for establishing a prima facie case of discrimination under Oregon law is identical to that used in federal law." Snead v. Metropolitan Property & Cas. Ins. Co., 237 F.3d 1080, 1087 (9th Cir. 2001).

communication, and socialization. Id. § 659A.100(2)(a). Plaintiff argues that she is disabled by a mental impairment caused by depression and anxiety. Further, plaintiff argues that her depression and anxiety substantially limit her ability to concentrate, communicate, and maintain employment. To establish her disability, plaintiff relies on her use of short-term disability leave in 2000 for stress-related issues and medical reports from her treating physician.

Defendants argue that plaintiff's mental impairments do not constitute a disability within the meaning of the statute. Instead, defendants contend that plaintiff's symptoms of anxiety and depression are intermittent and controlled by medication; therefore, defendants posit, they do not substantially limit her major life activities. Additionally, defendants argue that plaintiff's use of short-term disability leave under company policy has no bearing on whether she is disabled under the statute.

The United States Supreme Court has established that there is a "demanding standard for qualifying as disabled." Toyota Motor Mfg., Kentucky, Inc. v. Williams, 534 U.S. 184, 197 (2002). An individual is substantially limited in a major life activity if the person is "unable to perform a major life activity that the average person in the general population can perform" or is "significantly restricted as to the condition manner or duration under which an individual can perform a particular major life activity as compared to the condition, manner or duration under which the average person

in the general population can perform the same major life activity." 29 C.F.R. § 1630.2(j)(1)(i),(ii). Additionally, the impairment's impact must be permanent or long term. Toyota Motor, 534 U.S. at 198.

Further, when determining whether an individual is "substantially limited" in performing a major life activity, the individual's mitigating or corrective measures must be taken into account. Sutton v. United Airlines, Inc., 527 U.S. 471, 472 (1999) (explaining that a "disability" does not exist where an impairment "might," "could," or "would" be substantially limiting in the absence of corrective measures). Further, the Oregon Supreme Court recently stated, "[i]n our view, that means that the legislature did not intend to categorize an impairment as substantially limiting if, for example, medication could ameliorate the effects of impairment such that the individual would be capable of performing the otherwise affected major life activity." Washburn, 340 Or. at 478.

Plaintiff has taken medication for her depression and anxiety since 2000, and she testified that the medication almost completely controls her symptoms. Barnes Dep. 49:2-14, 84:11-25. Other than her short-term disability leave in 2000, plaintiff testified that during her tenure with defendants, she suffered two to three significant manifestations of her mental impairment in the form of panic attacks, each lasting for three to four hours. Barnes Dep. 61:2-11. Moreover, when plaintiff was asked during her deposition

11 - OPINION AND ORDER

how stress and anxiety affects her daily, she responded that it makes her tired, and that this usually lasts for "that day, and then sometimes it runs into the next day." Barnes Dep. 85:17-86:1. Temporary or short-term impairments that have little or no residual disabling effects are generally not disabilities. Or. Admin. R. 839-006-0240(1); see also Toyota Motor Mfg., 534 U.S. 184. I find that although plaintiff presents evidence that she copes with some anxiety-related issues, it is undisputed based on her own testimony that her condition is largely treatable with medication and does not significantly limit her in performing major life activities.[3] Therefore, I find that plaintiff is not disabled within the meaning of the statute.

Plaintiff next argues that she had a record of and was regarded by defendants as being disabled. To support this claim, plaintiff relies on her 2000 claim for short-term disability and contends that she openly discussed her anxiety and depression with her co-workers and supervisors. Further, plaintiff states that after she suffered a panic attack on October 18, 2005, she told Ms. Pauga that she was seeking medical treatment for stress and that she needed time to readjust her medication before returning to work. Lastly, plaintiff argues that a reasonable juror could infer

_____

[3] Plaintiff mentions, and defendants move to strike, Ex. V, a letter from plaintiff's physician to her attorney dated January 21, 2008. In the report, the physician states that plaintiff suffers from depression and severe anxiety. This report, however, does not establish plaintiff was disabled under the law as of October 2005.

that Ms. Pauga regarded her as disabled, because in plaintiff's termination letter Ms. Pauga stated, "I understand that you need to do what is best for your health and encourage you to do so. Unfortunately, we have no choice but to terminate your employment with the company at this time." Dec. of Carol J. Bernick, Ex. 7.

A person who is regarded as having, or who has a record of having, a substantially limiting impairment is considered disabled under the law. Or. Rev. Stat. § 659A.100(1)(c).

> There are two apparent ways in which individuals may fall within [the "regarded as" disabled provision of the ADA]: (1) a covered entity mistakenly believes that a person has a physical [or mental] impairment that substantially limits one or more major life activities, or (2) a covered entity mistakenly believes that an actual, nonlimiting impairment substantially limits one or more major life activities.

Sutton, 527 U.S. at 489.

The termination letter authored by Ms. Pauga does not create a question of fact as to whether Ms. Pauga regarded plaintiff as disabled. Acknowledging that plaintiff had health issues is not the same as regarding plaintiff as disabled under Sutton. Ms. Pauga testified that she did not recall having knowledge that plaintiff was diagnosed with anxiety or depression. Pauga Dep. 84:12-22. Further, when asked in her deposition what specific evidence plaintiff had that showed that Ms. Pauga regarded her as disabled, plaintiff replied, "I believe it has to do with everything," but could not cite to specific evidence. Barnes Dep. 83:20-84.5. Finally, the fact that she discussed her health with

13 - OPINION AND ORDER

co-workers does not support an inference that defendants regarded her as "disabled." Likewise, plaintiff fails to produce evidence to support that she had a record of disability as of 2005. Plaintiff relies on her short-term disability taken in 2000. However, the fact that she was granted leave for stress once in her ten years of employment does not support a "record" of disability.

For the above reasons, I find that plaintiff provides insufficient evidence on which to base her allegation that she had a record of or was regarded by defendants as having a substantially limiting impairment within the meaning of the statute. See Clark v. DSU Peterbilt & GMC, Inc., 193 Or. App. 17, 20-23, 87 P.3d 1159 (2004) (granting summary judgment when "plaintiff acknowledge[d] that there [wa]s no direct evidence that defendant regarded him as being disabled," only that the record as a whole permitted such an inference); see also Colwell v. Suffolk County Police Dept., 158 F.3d 635, 646 (2d Cir. 1998) (finding that there was no record of a substantially limiting impairment even with a thirty-day hospitalization, six months of leave, and light duty); see also Sanders v. Arneson Prods., 91 F. 3d 1351, 1354 (9th Cir. 1996) (holding that a three and one-half month impairment with minimal residual effects was not substantially limiting).

Even if plaintiff established that she was disabled under the law, she cannot establish that she was a "qualified individual." A qualified individual is one that can perform the essential functions of the job with or without reasonable accommodations.

Or. Rev. Stat. § 659A.115.

Regular and reliable attendance is an essential function of most jobs, including plaintiff's. See Humphrey v. Memorial Hosps. Ass'n., 239 F.3d 1128, 1135 (9th Cir. 2001) (acknowledging that regular attendance is a necessary element of many jobs); See also Rask v. Fresenius Med. Care N. Am., 509 F.3d 466, 469 (8th Cir. 2007) (holding the same). Plaintiff was responsible for directing and supervising a group of ten people, and it was essential for her to be present and on time to fulfill her job duties. Dec. of Carol J. Bernick, Ex. 8. Plaintiff does not deny that she had numerous unexcused absences and tardies in violation of defendants' attendance policy. Barnes Dep. 90:12-26. Therefore, plaintiff has not proved that she was qualified to perform her job duties.

Plaintiff maintains that she would have been able to perform her duties had defendants afforded her the reasonable accommodation of a thirty-day personal leave of absence to address her anxiety. However, plaintiff fails to establish that she was denied a reasonable accommodation. Oregon law requires employers to provide reasonable accommodations to otherwise qualified employees with disabilities, unless the accommodations would impose an undue burden on the employer's business operations. Or. Rev. Stat. § 659A.112(2)(e); Or. Admin. R. 839-006-0206(3). Plaintiff argues that at the time she was terminated, she was seeking a reasonable accommodation for her anxiety in the form of a leave of absence to adjust her medication. Barnes Dep. 55:8-11. However, plaintiff

15 - OPINION AND ORDER

never applied for such leave even when defendants directly offered her the option.    On October 20, 2005, defendants' benefits coordinator, Penny Fischer, sent plaintiff a letter informing her that she had no medical leave available to her but that she could apply for a thirty-day personal leave of absence. Dec. of Carol J. Bernick, Ex. 6.    Plaintiff never filed an application for this leave.    Therefore, I decline to entertain plaintiff's argument that defendants terminated her because she was seeking a reasonable accommodation for her anxiety.

In sum, I find that plaintiff has failed to show that: (1) she is disabled within the meaning of the statute, (2) she is a qualified individual, able to perform the essential functions of her job with or without reasonable accommodation, and (3) defendants terminated her based on her disability.    Therefore, plaintiff has failed to establish her prima facie case pursuant to Or. Rev. Stat. § 659A.112, and defendants' motion for summary judgment as to plaintiff's claim of discrimination on the basis of disability is granted.

///

///

///

///

///

///

///

16 - OPINION AND ORDER

IV. CONCLUSION

For all of the reasons above, defendants' Motion for Summary Judgment (doc. 28) is GRANTED, and defendants' motion to strike (doc. 49) is denied as moot.

IT IS SO ORDERED.

Dated this 22 day of April 2008.


_____
Ann Aiken
United States District Judge


17 - OPINION AND ORDER